08 CV 4380

JUDGE McMAHON

CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiff
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600 / Fax: (516) 767-3605
Eugene J. O'Connor (EO-9925)
Timothy Semenoro (TS-6847)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
TAIWAN NAVIGATION CO., LTD., and
TAIWAN NAVIGATION (HONG KONG) CO., LTD.,

                            Plaintiffs,

           v.

SWELLCHIEF SHIPPING CO., LTD.,

                            Defendant.
------------------------------------------------------------------X

08 CV _____

**VERIFIED COMPLAINT**



Plaintiffs TAIWAN NAVIGATION CO., LTD., and TAIWAN NAVIGATION (HONG KONG) CO., LTD. (hereinafter collectively "TNC") by its attorneys, as and for its Verified Complaint against the Defendant SWELLCHIEF SHIPPING CO., LTD. (hereinafter "SWC"), alleges upon information and belief as follows:

### JURISDICTION

1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and also falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333.

### THE PARTIES

2.    At all times material hereto, Plaintiff TAIWAN NAVIGATION CO., LTD., was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country with and office and principal place of business in Taiwan, R.O.C.

3. At all times material hereto, Plaintiff TAIWAN NAVIGATION (HONG KONG) CO., LTD. was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country with and office and principal place of business in Hong Kong, P.R.C.

4. The plaintiffs TNC are engaged in business as owners and/or disponent owner of ocean-going vessels that transport cargo in exchange for payments of hire or freight.

5. At all times material hereto, Defendant SWC was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country or countries with offices at Unit 2007-9 20/F Wayson Commercial Building, 28 Connaught Road West, Hong Kong, P.R.C.

6. The Defendant is a slot charterer of ocean-going vessels.

## FIRST CAUSE OF ACTION
## FOR BREACH OF MARITIME CONTRACT

7. In 2007, TNC, as owners and/or disponent owners, entered into certain contracts with SWC, as slot charterer, whereby TNC's vessels, including the M/V TAO TUAN and M/V YE LAN, provided a certain allotment of cargo space to SWC in exchange for the payment of hire and for a certain period of time beginning in October of 2007 and ending in December 2008.

8. These contracts between TNC and SWC are maritime contracts in the form of a Slot Charter Agreement and corresponding Connecting Carrier Agreement, one set to be effective for the latter portion of 2007 and another set to be effective for all of 2008 (hereinafter collectively referred to as the "maritime contracts").

9. Pursuant to the terms and conditions of these maritime contracts, the parties agreed to, among other things, an allocation of cargo space ("slots"), slot hire rates, terms of payment, that all disputes arising under the Slot Charter Agreements would be subject to Hong Kong law and resolved before the Hong Kong Admiralty Court, and that all disputes arising

under the corresponding Connecting Carrier Agreements would be subject to the laws of the Republic of China.

10. In accordance with the maritime contracts, cargo space was made available on TNC ocean-going vessels, that cargo space was used by SWC, said cargo was transported from one ocean port and delivered to another ocean port, and slot charter hire was earned by TNC in 2007 and 2008.

11. Although the slot charter hire was earned and other expenses allowed under the maritime contracts became due, SWC has failed to pay any of the hire or the charges even though duly demanded by TNC.

12. This unjustified failure to pay hire or the charges constitutes an improper breach of the maritime contracts and has resulted in damages to TNC in the amount of US $749,595.91 plus awardable interest, fees, and costs.

13. As previously indicated above, the maritime contracts provide that any disputes arising under said contracts are subject to resolution under either R.O.C. or Hong Kong Law and determination by a foreign court, none of which is deemed waived.

14. Furthermore, the award of fees and costs is allowed under applicable foreign law and is regularly awarded in maritime matters such as the subject dispute. The estimated awardable interest, fees and costs for the litigation of TNC's claim against SWC is approximately US $300,000.00.

## PRAYER FOR RELIEF

15. Notwithstanding the fact that the liability of SWC is subject to a determination by a foreign court, there are now, or will be during the pendency of this action, certain assets, accounts, freights, hire payments, monies, charter hire, credits, effects, CHIPS credits, electronic

fund transfers, payments for bunkers, goods or services, bills of lading, cargo, debts and the like belonging to or claimed by the Defendant within this District and held by various parties, as garnishees.

16. Plaintiff believes that some of these assets, in bank accounts and/or as funds being transferred through intermediary banks, are located in this District in the possession of garnishees, including ABN AMRO Bank, American Express Bank, Ltd., Bank of America, Bank of China, Bank of New York, Citibank NA, Deutsche Bank, HSBC (USA), JP Morgan Chase Bank, Standard Chartered Bank, UBS AG, Wachovia Bank, CHIPS, and possibly other banks or financial institutions located in New York.

17. As set forth in the accompanying declaration of Timothy Semenoro, the Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

18. Because this Verified Complaint sets forth an *in personam* maritime claim against the Defendant and because the Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, the requirements for a Rule B attachment and garnishment are met and Plaintiff seeks the issuance of process of maritime attachment so that it may obtain security for its claims against the Defendant and/or *quasi in rem* jurisdiction over the property of the Defendant so that an eventual judgment and/or award can be satisfied.

19. In addition to an attachment in the full amount of the claim as set forth above, Plaintiffs also seeks an attachment of an additional sum to cover awardable attorneys' fees, interest and costs which are recoverable pursuant to foreign law.

20. Plaintiffs' aggregate claim against the Defendant amounts to US $1,049,595.91 which is comprised of the underlying claim of US $749,595.91 for damages plus estimated awardable interest, costs, and fees.

WHEREFORE, Plaintiff prays as follows:

A. That the Defendant be summoned to appear and answer this Verified Complaint;

B. That the Defendant not being found within this District, as set forth in the Declaration of Timothy Semenoro, then all of its assets, accounts, freights, monies, charter hire, credits, effects, payment for bunkers, goods or services, bills of lading, cargo and the like belonging to or claimed by the Defendant within this District up to the amount sued for herein be attached pursuant to Supplemental Rule B and to pay Plaintiff's damages;

C. That this Court retain jurisdiction over this matter through the entry of a judgment either by this Court, and/or a foreign court, so that judgment may be entered in favor of Plaintiffs for the amount of its claim with costs, i.e. US $1,049,595.91, and that a judgment of condemnation and sale be entered against the property arrested and attached herein in the amount of Plaintiffss claim, plus costs to be paid out of the proceeds thereof; and

D. That Plaintiff has such other and further relief as the Court may determine to be just and proper under the circumstances.

Dated: Port Washington, New York
May 9, 2008

CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiffs

By: _____
Eugene J. O'Connor (EO-9925)
Timothy Semenoro (TS-6847)
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600 / Fax: (516) 767-3605

CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiffs
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600 / Fax: (516) 767-3605
Eugene J. O'Connor (EO-9925)
Timothy Semenoro (TS-6847)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TAIWAN NAVIGATION CO., LTD., and
TAIWAN NAVIGATION (HONG KONG) CO., LTD.,

                Plaintiffs,

                08 CV _____

    v.

SWELLCHIEF SHIPPING CO., LTD.       **VERIFICATION OF COMPLAINT**

                Defendant.
------------------------------------------------------------X

        Pursuant to 28 U.S.C. § 1746, TIMOTHY SEMENORO, Esq., declares under the penalty of perjury:

    1.    I am associated with the law firm of Chalos, O'Connor & Duffy, attorneys for the Plaintiffs TAIWAN NAVIGATION CO., LTD., and TAIWAN NAVIGATION (HONG KONG) CO., LTD. herein;

    2.    I have read the foregoing complaint and know the contents thereof; and

    3.    I believe the matters to be true based on documents and information obtained from employees and representatives of the Plaintiff through its underwriters and attorneys. The reason that this verification was made by deponent and not by the Plaintiff is because Plaintiff is a foreign corporation, whose officers are not in this district, and whose verification cannot be obtained within the time constraints presented by the circumstances of this case.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: Port Washington, New York
May 9, 2008

CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiffs

By: _____
Timothy Semenoro (TS-6847)
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600 / Fax: (516) 767-3605

2